UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| MANUEL RODRIGUEZ,<br>　　　　Plaintiff,<br>　　v.<br>MACY'S, INC., et al.,<br>　　　　Defendants. | Case No. 24-cv-08798-NC<br><br>**ORDER TO SHOW CAUSE WHY CASE SHOULD NOT BE REMANDED TO STATE COURT**<br><br>Re: ECF 1 |

This Court orders Defendant Macy's Retail Holdings, LLC (erroneously and additionally sued and served as Macy's Inc. and Macy's West Stores, Inc.; hereinafter "Macy's") to show cause why this case should not be remanded back to state court for lack of subject matter jurisdiction and lack of full consent of co-defendants.

**I.   Federal Question Jurisdiction**

Federal courts are courts of limited jurisdiction. *Kokkonen v. Guardian Life Ins. Co. of Am.*, 511 U.S. 375, 377 (1994). District courts have subject matter jurisdiction through federal question or diversity jurisdiction. 28 U.S.C. §§ 1331, 1332. Diversity jurisdiction requires complete diversity of citizenship and an amount in controversy greater than $75,000. 28 U.S.C. § 1332(a). Here, Macy's alleges that this Court has diversity jurisdiction. ECF 1 ¶ 1.

### A. Complete Diversity

Macy's claims that there is diversity of citizenship because Plaintiff resides in California, Defendant Macy's has its principal place of business in Ohio, and Defendant Eastridge Property Holdings LLC is a Texas limited liability company. ECF 1 ¶¶ 7–9. But "for the purposes of diversity . . . an LLC is a citizen of every state of which its owners/members are citizens." *Johnson v. Columbia Props. Anchorage, LP*, 437 F.3d 894, 899 (9th Cir. 2006). Macy's must provide information on the citizenship of Macy's and Eastridge Property Holdings LLC's owners/member for this Court to be able to assess whether complete diversity exists.

### B. Amount in Controversy

Macy's claims that the amount in controversy "foreseeably exceeds $75,000" because "Plaintiff alleges wage loss, loss of use of property, hospital and medical expenses (which to Defendant's knowledge, currently amount to more than $60,000), general damage, property damage, and loss of earning capacity." ECF 1 ¶ 10. However, Macy's provides no basis for this conclusory statement. *See Matheson v. Progressive Specialty Ins. Co.*, 319 F.3d 1089, 1090 (9th Cir. 2003) ("Conclusory allegations as to the amount in controversy are insufficient."). The state-court complaint was not clear, and Macy's does not provide any evidence of the basis for this number. *See Urbino v. Orkin Servs. of Cal., Inc.*, 726 F.3d 1118, 1121–22 (9th Cir. 2013) (stating that when a state-court complaint does not clearly plead the minimum amount in controversy, the "removing defendant bears the burden of establishing, by a preponderance of evidence, that the amount in controversy exceeds the jurisdictional threshold"). Macy's must provide sufficient evidence to show by a preponderance of evidence that the amount in controversy exceeds $75,000.

## II. Unanimous Consent of All Defendants

Macy's Notice does not mention whether it has the full consent of its co-defendant, Eastridge Property Holdings LLC. "When a civil action is removed solely under section 1441(a), all defendants who have been properly joined and served must join in or consent to the removal of the action." 28 U.S.C. § 1446(b)(2)(a). Macy's must explain whether all

defendants to this action have consented to the removal.

### III. Conclusion

Accordingly, Defendant Macy's must show cause in writing by December 27, 2024, why this case should not be remanded back to state court for lack of subject matter jurisdiction and lack of unanimous consent by all defendants.

**IT IS SO ORDERED.**

Dated: December 11, 2024      _____
NATHANAEL M. COUSINS
United States Magistrate Judge